**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHLEEN A. GIRARD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO.  04-5955** |
| **AETNA U.S. HEALTHCARE, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                          **March __, 2007**

Presently before this Court is the Motion for Summary Judgment of Defendants Aetna, Inc. ("Aetna") and William Falandays ("Falandays"), (collectively, "Defendants") (Doc. 46).  For the reasons set forth below, upon consideration of Defendants' Motion, Plaintiff's Response (Doc. 47), and Defendants' Reply (Doc. 50), this Court will grant in part and deny in part Defendants' Motion.

**BACKGROUND**

From the evidence of record, taken in light most favorable to Plaintiff, the pertinent facts are as follows.  Plaintiff, Kathleen A. Girard, is a 64 year-old woman, born on August 30, 1942. She was first hired by U.S. Healthcare, Inc. in 1993 to work as an Outside Sales Representative, selling a Medicare product to senior citizens in New Jersey.  In 1996, U.S. Healthcare merged with Defendant Aetna, Inc.  Plaintiff continued to work for Aetna until her job was eliminated in January 2002 as a result of Aetna withdrawing the Medicare product from the New Jersey market.  Plaintiff does not allege any discrimination associated with this job elimination.

In October 2002, Defendant Aetna rehired Plaintiff as an Account Executive/Outside Sales Representative, responsible for selling a new Medicare product in Bucks County and Montgomery County, Pennsylvania.  At the time of her rehire, Plaintiff was 60 years of age. Plaintiff's duties in this new position were essentially the same as those of the former position in New Jersey.  Plaintiff was hired for this new position by Amy Campbell.  In November 2002, Defendant William Falandays became Plaintiff's supervisor.

Defendant Falandays supervised a total of six Outside Sales Representatives ("OSR"), including Plaintiff.  Four of these OSRs were women and two were men.  Plaintiff alleges that Falandays implemented a pooling system for applications and reorganized territories for all OSRs, which benefitted male and younger OSRs.  Further, Plaintiff alleges that Falandays made age-based comments to Plaintiff and treated her differently due to her age.  Plaintiff testified that Falandays treated Plaintiff as a "non-entity" at meetings and monthly reviews.  (Pl.'s Response Br. at 6).  Further, Plaintiff testified that Falandays asked Plaintiff "why are you still here" and told her "you should retire or pack it up."  (Id.).  Plaintiff also alleges that Falandays denied her a raise while granting one to less qualified male and female co-workers, and paid Plaintiff a lower rate per application than less qualified and younger male and female OSRs.

In 2003, Defendant Aetna's Golden Choice Medicare product was not as successful as anticipated and, accordingly, Aetna made the decision to eliminate one OSR position in Pennsylvania.  To determine which OSR position was to be eliminated, Defendant Falandays evaluated and rated each OSR on a "Candidate Comparison Worksheet."   Each of the OSRs was rated on a scale of "1" to "4," with "1" meaning the OSR demonstrated a lack of competency and "4" meaning the OSR demonstrated superior demand of competency.  Defendant Falandays rated

Plaintiff the lowest of the six OSRs in five areas of competencies.  Based on this rating, on May 30, 2003, Defendant Aetna eliminated Plaintiff's position and laid off Plaintiff from employment.

Plaintiff alleges that Defendant Falandays' decision to eliminate her position was due to Plaintiff's gender and age, and not a result of poor performance.  Plaintiff further alleges that Defendants Aetna and Falandays assigned Plaintiff's former territories to a younger, female OSR, Staci Jaffe.

Plaintiff complained to the Human Resources Department about Defendants' decision to eliminate her former position.  Specifically, Plaintiff asserted that her former position was eliminated due to her age.  The Human Resources Department completed a one month investigation and ultimately approved Defendants' decision to eliminate Plaintiff's former position.

On June 9, 2003, while the human resources investigation was underway, Defendant Aetna again rehired Plaintiff.  Plaintiff's new position was as an Inside Sales Representative ("ISR").  Plaintiff considered this position a demotion from her previous OSR position.

On August 2, 2006, Aetna finally laid-off Plaintiff as a result of it outsourcing the entire ISR department.  Plaintiff does not allege any discrimination as a result of this lay off.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable

jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S.

242 (1986). A factual dispute is "material" if it might affect the outcome of the case under

governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing

the district court of the basis of its motion and identifying those portions of the record that it

believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular

issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the

district court that there is an absence of evidence to support the non-moving party's case." Id. at

325. After the moving party has met its initial burden, "the adverse party's response, by

affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial." FED. R. CIV. P. 56(e). That is, summary judgment is appropriate if the

non-moving party fails to rebut by making a factual showing "sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof

at trial." Celotex, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the

'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the

court cannot credit the movant's version of events against opponent, even if the quality of the

movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of North

America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the

evidence presented on the motion in the light most favorable to the opposing party. Anderson,

477 U.S. at 255.

## DISCUSSION

Defendants ask this Court to grant summary judgment in their favor on all counts of the Complaint on the grounds that Plaintiff has failed to state an actionable claim for discrimination on the basis of gender under Title VII and the Pennsylvania Human Relations Act ("PHRA") and on the basis of age under the Age Discrimination in Employment Act ("ADEA) and the PHRA. Defendants also state that Plaintiff's Title VII and the ADEA claims must be dismissed against Defendant Falandays because there is no individual liability under Title VII and the ADEA.

The Court will review each claim in turn.

## A.      Gender Discrimination Claims Under Title VII and the PHRA

Under Title VII it unlawful for any employer "to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2 (a)(1).  Here, Plaintiff alleges that her former position was eliminated because of her gender in violation of the Title VII and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951.[1]  Amended Complaint ¶¶ 24, 25, 38. Further, Plaintiff alleges that Defendant Falandays created a hostile work environment by acts and/or omissions in violation of Title VII.  Amended Complaint ¶ 26.

Because Plaintiff has failed to establish that she was discriminated on the basis of her gender, Plaintiff's Title VII and PHRA claims fail as a matter of law, and must be dismissed.

---

[1] The courts of the Third Circuit apply the same analysis to gender discrimination claims under Title VII and the PHRA.  Gomez v. Allegheny Health Services, Inc., 71 F.3d 1079, 1083-84 (3d Cir. 1995).

## 1. Disparate Treatment

Disparate treatment claims brought under Title VII and the PHRA are analyzed using the familiar framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  Under this analysis, Plaintiff must first make a prima facie showing of gender discrimination by establishing that (i) she belongs in the protected class; (ii) she was qualified for the position; (iii) she suffered an adverse employment action; and (iv) circumstances existed that support an inference of discrimination.  <u>Goosby v. Johnson & Johnson Med., Inc.</u>, 228 F.3d 313, 318-19 (3d Cir. 2000).  Defendants argue that Plaintiff has not met the fourth prong of the prima facie case.  (Defs.' Reply Br. at 38-42). This Court agrees.

The evidence presented by Plaintiff is insufficient to support an inference of discrimination based on sex.  The bulk of the allegations of discrimination made by Plaintiff deal with age.  Indeed, the allegations that support her age discrimination claim undermine her gender discrimination claim.  For example, Plaintiff alleges that Falandays denied Plaintiff a raise while granting a raise to less qualified male and female co-workers.  She also alleges that she was paid at a lower rate per application than less qualified (and younger) male and female OSRs.  Further, Plaintiff alleges that once her position was eliminated, Falandays assigned her territories to a younger, female OSR.  Plaintiff has not put forth any credible evidence other than her own subjective beliefs to support her gender discrimination claim.  Thus, Plaintiff fails to establish a prima facie case of discrimination based on sex.

Because there are no issues of material fact in dispute, the Court will grant Defendants' motion for summary judgment on Plaintiff's gender discrimination claims under Title VII and the PHRA.

6

### 2. **Hostile Work Environment**

"A plaintiff who claims that she has been sexually harassed has a cause of action under Title VII if the sexual harassment was either a quid pro quo arrangement, or if the harassment was so pervasive that it had the effect of creating an intimidating, hostile, or offensive work environment." Andrews v. Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990).  Here, Plaintiff asserts a hostile work environment claim.

To establish a claim for hostile work environment, Plaintiff must establish that: (1) she suffered intentional discrimination because of her gender; (2) the discrimination was pervasive and regular; (3) the discrimination affected her; (4) the discrimination would detrimentally affect a reasonable person of the same gender in that position; and (5) respondeat superior liability applies.  Andrews, 895 F.2d at 1482.  "When determining whether an environment is sufficiently hostile or abusive, the court must look at the totality of the circumstances." Id.

Defendants contend that Plaintiff is unable to establish the first, second, and fourth prongs needed to sustain a hostile work environment claim. (Defs.' Reply Br. at 44-52).[2]  The Court agrees.

"A hostile work environment exists when a workplace is permeated with discriminatory intimidation, ridicule and insult so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." WarmKessel v. East Penn Mfg., No. 03-02941, 2005 WL 1869458, at *3 (E.D. Pa. July 28, 2005).  In order to satisfy the pervasive and regular discrimination requirement, "a plaintiff must show that the incidents of harassment

---

[2] The Court has found that Plaintiff has failed to establish that she was discriminated against on the basis of her gender (see Section A.1. above).  The Court, however, will also show why Plaintiff fails to establish the other prongs required to make out a prima facie case of hostile work environment.

occur either in concert or with regularity." <u>Andrews</u>, 895 F.2d at 1484. "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." <u>Shramban v. Aetna</u>, 115 Fed. Appx. 578, 580 (3d Cir. 2004) (quoting <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998)).

In support of her hostile work environment claim, Plaintiff generally alleges that Defendant Falandays berated her at weekly morning meetings. As an initial matter, Plaintiff's testimony does not make clear that Defendant Falandays berated Plaintiff because of her gender. Indeed, Plaintiff's evidence is generally aimed at showing that she was discriminated against due to her age. Further, the record evidence Plaintiff presents to show severe and pervasive discrimination on the basis of sex, does not rise to the level required to show a hostile work environment. The record evidence is also insufficient to show that a reasonable person of the same gender in Plaintiff's position would be detrimentally affected by the alleged conduct.

Thus, this Court finds that Plaintiff has failed to make out a prima facie case of hostile work environment on the basis of gender. The Court, therefore, will grant Defendants' motion for summary judgment on Plaintiff's hostile work environment claim.[3]

## B.    Age Discrimination Claims Under the ADEA and the PHRA

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 prohibits an employer from, among other things, discharging or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age

---

[3] Because the Court grants Defendants' motion for summary judgment on Plaintiff's Title VII gender discrimination claim, the Court will not address Defendants' argument that there is no individual liability under Title VII.

discrimination under the ADEA and the PHRA, Plaintiff must show that she (1) is a member of the protected class, *i.e.*, at least forty years of age; (2) was qualified for the position; (3) suffered an adverse employment decision; and (4) in the case of demotion or discharge, was replaced by a sufficiently younger person to create an inference of age discrimination. 29 U.S.C. 631(a)(2); <u>Simpson v. Kay Jewlers</u>, 142 F. 3d 639, 644 n.5 (3d Cir. 1998). Once Plaintiff has established a prima facie case, the burden shifts to Defendants to produce evidence of a legitimate nondiscriminatory reason for eliminating Plaintiff's position. <u>Id.</u> Plaintiff must then demonstrate that Defendants' articulated reason was not the actual reason for the employment decision, but rather a pretext for discrimination. <u>Id.</u>

In order for a plaintiff to "survive summary judgment when the employer has articulated a legitimate nondiscriminatory reason for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." <u>Simpson</u>, 142 F.3d at 644 (citing <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994)). To discredit Defendants' articulated reason, Plaintiff must point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons [such] that a reasonable factfinder could rationally find them unworthy of credence" and therefore infer that the proffered nondiscriminatory reason "did not actually motivate" the employer's action. <u>Fuentes</u>, 32 F.3d at 764-65 (internal quotations omitted).

Here, Plaintiff has established a prima facie case of age discrimination because she is over forty years of age, and she has shown that she was qualified for her position, suffered an

adverse employment decision and was replaced by a younger employee.  To rebut the claim of

age discrimination, Defendants argue that Plaintiff's position was selected for elimination

because Falandays rated her performance as the weakest among all the OSRs.

Plaintiff has put forth sufficient evidence from which a factfinder could reasonably

disbelieve Defendants' reasons for eliminating her position or believe that an invidious

discriminatory reason was more likely than not a motivating or determinative factor in

Defendants' decision.  For example, Plaintiff alleges that Falandays repeatedly made age based

remarks to her and expressed his belief that she "should retire or pack it up."  A factfinder may

therefore reasonably conclude that Falandays job elimination assessment was not based on

Plaintiff's actual performance but rather clouded by a desire to be rid of Plaintiff due to her age.[4]

Because Plaintiff has shown that there exists material questions of fact from which a

factfinder may infer that Defendants' reasons for eliminating Plaintiff's position were in fact

pretext for discrimination, Defendants' motion for summary judgment on Plaintiff's ADEA and

PHRA age discrimination claims must be denied.

**C.**     **Falandays' Individual Liability Under the ADEA**

The Third Circuit has recently stated that the "ADEA does not provide for individual

liability."  Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006).  Accordingly, to

the extent Plaintiff brings an ADEA claim against Falandays, that claim is dismissed as a matter

---

[4] A factfinder also may construe Falandays' deposition testimony about his own boss, whom he referred to
as a "dinosaur" who "should have stayed in retirement," as an indication of Falandays opinions about older workers
in the workplace.

of law.[5]

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted in part and denied in part.  Judgment is entered in favor of Defendants Aetna and Falandays and against Plaintiff for summary judgment on Counts I and III for gender discrimination under Title VII and the PHRA.  Judgment is entered in favor of Defendant Falandays and against Plainitiff for summary judgment on Count II for age discrimination under the ADEA.

Counts II and III for age discrimination under the ADEA and PHRA remain against Defendant Aetna.  Count III for age discrimination under the PHRA remains against Defendant Falandays.[6]

An appropriate order follows.

---

[5] It is unclear from the face of the Amended Complaint whether Plaintiff even brings an ADEA claim against Falandays.  While Count II of the Amended Complaint is titled "Girard v. Aetna U.S. Healthcare," the subsequent paragraphs refer to "Defendants."

[6] Defendants also argue that Plaintiff is not entitled to punitive damages under the PHRA.  The Court agrees.  The Pennsylvania Supreme Court has held that punitive damages are not available under the PHRA   Hoy v. Angelone, 720 A.2d 745, 751 (Pa. 1998).  Accordingly, Plaintiff's request for punitive damages under Count III is dismissed as a matter of law.

11